UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Metropolitan Area Agency on Aging, Inc., | Civil No. 24-1854 (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Trellis Co., | |
| Defendant. | |

INTRODUCTION

This matter is before the Court on Plaintiff Metropolitan Area Agency on Aging, Inc.'s motion for summary judgment (Doc. No. 19) and Defendant Trellis Co.'s motion to dismiss, or in the alternative, motion to stay (Doc. No. 12).  Defendant opposes Plaintiff's motion for summary judgment.  (Doc. No. 35.)  Plaintiff opposes Defendant's motion to dismiss, or in the alternative, motion to stay.  (Doc. No. 24.)  For the reasons set forth below, the Court grants in part and denies in part Defendant's motion and denies Plaintiff's motion.

BACKGROUND

Plaintiff is a non-profit organization that provides social services to seniors and their caregivers in the Minneapolis-St. Paul metropolitan area.  (Doc. No. 1 ("Compl.")

¶ 8; Doc. No. 22 ("Balthazor Decl.") ¶ 2, Ex. A at 52-53.)[1]  Defendant is a non-profit property developer and manager of affordable housing.  (Compl. ¶ 9; Doc. No. 33 ("Flannery Decl.") ¶ 5.)  Defendant also operates in the Minneapolis-St. Paul metro and serves a variety of populations, including seniors.  (Flannery Decl. ¶ 7.)

Plaintiff worked with a marketing consultant on rebranding in 2019, eventually deciding to use the word "Trellis" as a trade name.  (Balthazor Decl. ¶ 2, Ex. A at 53.)  It also developed two Trellis logos to use in branding materials.  (Compl. ¶¶ 12-14; Balthazor Decl. ¶ 2, Ex. A at 53-54.)  Defendant went through a similar company rebranding process in 2018 and 2019, also landing on the word "Trellis."  (Flannery Decl. ¶ 11.)  It also developed a logo to use on its website and other materials.  (*Id.*)

On August 12, 2020, Defendant rolled out the use of the company name Trellis and its new logo at a companywide virtual picnic.  (*Id.*)  It also sent employees clothing with the new logo for them to wear while working in its buildings, added the logo to its website, posted an article on its website announcing the brand change, added the logo to employee's business cards and badges, created an employee handbook with the new logo, and sent form letters to property managers to use to inform their residents of the name change.  (*Id.* ¶¶ 11-15.)

On October 27, 2020, Plaintiff filed an intent-to-use trademark application with the U.S. Patent and Trademark Office for the wordmark Trellis.  (Compl. ¶ 10; Balthazor

---

[1]  Because the parties filed both a motion to dismiss and a motion for summary judgment, the Court includes parallel citations to the complaint and relevant evidence throughout its recitation of the facts as necessary.

Decl. ¶ 3, Ex. B at 22.)  Its first use date for the wordmark was later amended to March 16, 2021.  (Compl. ¶ 11; Balthazor Decl. ¶ 2, Ex. A at 55.)  Additionally, Plaintiff filed trademark applications for its two Trellis logos on September 6, 2022.  (Compl. ¶ 12; Balthazor Decl. ¶ 2, Ex. A at 86-87.)  On June 21, 2023, Defendant filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") on the grounds of priority and likelihood of confusion (the "TTAB Action").  (Compl. ¶ 15; Balthazor Decl. ¶ 3, Ex. B. at 1, 4.)  After some discovery, the parties filed cross-motions for partial summary judgment in the TTAB Action.  (Doc. No. 36, Ex. A ("TTAB Order") at 4.)[2]

After filing its motion for partial summary judgment in the TTAB Action, Plaintiff filed this case seeking a declaratory judgment of priority and non-infringement.  (Compl. ¶¶ 27-37.)  Defendant moved to dismiss or, in the alternative, stay this case pending final judgment in the TTAB Action.  (Doc. No. 12.)  Subsequently, Plaintiff moved for summary judgment in this case.  (Doc. No. 19.)  After the parties filed these two pending motions, TTAB issued an order denying the parties' cross-motions for partial summary judgment and suspending the TTAB Action pending final disposition in this case.  (TTAB Order at 12-14.)  In its decision, TTAB found that there was a genuine dispute regarding priority.  (*Id.* at 12.)

---

[2]      Also before the Court is Plaintiff's uncontested request that the Court take judicial notice of TTAB's order in the TTAB Action from August 23, 2024.  (Doc. No. 36.)  The Court grants this request.  Relatedly, the Court "may take judicial notice of public records and may thus consider them on a motion to dismiss." *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

## DISCUSSION

I. **Defendant's Motion to Dismiss, or in the Alternative, Motion to Stay**

    A. **Motion to Dismiss Under 12(b)(1)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). To survive a motion under Rule 12(b)(1), the party asserting jurisdiction has the burden of proving jurisdiction. *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000). "Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case." *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990).

A Rule 12(b)(1) motion may challenge a plaintiff's complaint either on its face or on factual truthfulness of its averments. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). When a defendant brings a facial challenge—that is, even if the allegations were true, they lack an essential element for jurisdiction—a court reviews the pleadings alone, and the court assumes the allegations are true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *accord Osborn*, 918 F.2d at 729 n.6. Defendant appears to bring a facial challenge. (*See* Doc. No. 14 at 6.)

Article III of the Constitution limits the jurisdiction of federal courts to cases and controversies. U.S. Const. art. III, § 2; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). In cases where a party seeks a declaratory judgment, the Declaratory Judgment Act itself does not independently create an actual controversy. *See* 28 U.S.C. § 2201. Instead, an actual controversy exists in a declaratory judgment action when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between

4

parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (quoting *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). When a party has sought a declaratory judgment while related proceedings are also pending before TTAB, courts in this circuit have emphasized "adversity," "immediacy," "pragmatic judgment," and "the business realities" of the parties in their analyses. *See Retrobrands USA LLC v. Gen. Mills Mktg., Inc.*, No. 19-cv-1636, 2019 WL 5102561, at *2 (D. Minn. Oct. 11, 2019); *O'Reilly Auto. Stores, Inc. v. Bearing Techs., Ltd.*, No. 16-cv-3102, 2018 WL 4956640, at *2-4 (W.D. Mo. Oct. 12, 2018).

Here, the parties' dispute reaches the required level of actual controversy. The parties have argued about who has the right to use "Trellis" for about four years. They are both attempting to build brand recognition in the Minneapolis-St. Paul metro. At oral argument, Defense counsel also pointed to the particular importance of brand recognition and quality control in the non-profit sector. Further, they are both attempting to build a brand with the same name in the same geographic area and continue to run into each other at events. (*See, e.g.*, Flannery Decl. ¶ 18; Doc. No. 31.) Moreover, this dispute goes beyond preventing the registration of a mark and instead goes to which party should be able to use the mark. *See, e.g.*, *Vina Casa Tamaya S.A. v. Oakville Cellar, Inc.*, 784 F. Supp. 2d 391, 395-97 (S.D.N.Y. 2011) (finding no actual controversy when TTAB proceedings were pending and dispute only involved registration, not use of the mark).

Defendant also argues that the Court does not have statutory authority to grant relief to Plaintiff, primarily basing its arguments on Plaintiff's citation to 15 U.S.C.

5

§ 1063 in its complaint.³  (Doc. No. 14 at 6-7.)  Section 1063 outlines the opposition to registration procedure with TTAB.  Although Plaintiff refers to this section throughout its complaint, the action is based on priority and infringement, which the Court has statutory authority to consider under 15 U.S.C. § 1125(a).  This section applies to both registered marks and common law marks.  *See Matal v. Tam*, 582 U.S. 218, 225 (2017).  In conclusion, the Court has subject matter jurisdiction to consider this case.

### B. Motion to Dismiss Under Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6).  *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

---

³  At oral argument, defense counsel seemed to abandon this motion in favor of a motion to strike.  The Court declines to exercise this "extreme and disfavored measure" because it does not find this material to be "redundant, immaterial, impertinent, or scandalous."  *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007); Fed. R. Civ. P. 12(f).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

Defendant argues for dismissal under Rule 12(b)(6) by primarily reiterating its argument that there is no statutory basis for Plaintiff's claim and asserting that Plaintiff did not sufficiently allege unfair competition or non-infringement under Minnesota law because it did not include any elements of these causes of action in its complaint. (Doc. No. 14 at 10.) Given the Court's conclusion above, it disagrees with Defendant's argument about the Court's statutory authority; however, to the extent that Plaintiff relies on Minnesota law to support its claims, the Court agrees that Plaintiff's pleading falls short of required pleading standards. Plaintiff does not explicitly reference Minnesota common law or statutes in its two counts, but it does reference Minnesota law in the fact section of its complaint and in its request for relief. (Compl. ¶¶ 24, 39.) To the extent that Plaintiff bases its claims on Minnesota common law or statutes, the Court dismisses those theories without prejudice. *See Finnegan v. Suntrust Mortg.*, 140 F. Supp. 3d 819,

7

832 (D. Minn. 2015).  Counts 1 and 2 otherwise remain in this action based on Plaintiff's other theories.

      **C.**      **Motion to Stay**

Lastly, Defendant asks the Court to stay this action pending a resolution in the TTAB Action.  As previously mentioned, since the filing of this motion, TTAB has issued an order denying the parties' cross-motions for summary judgment and suspending its proceedings pending final disposition in this case.  (TTAB Order at 14.)  Additionally, federal courts rarely grant stays because of pending TTAB proceedings.  *See, e.g.*, *Am. Bakeries Co. v. Pan-O-Gold Baking Co.*, 650 F. Supp. 563, 567 (D. Minn. 1986); *see also* 5 J. Thomas McCarthy, *Trademarks and Unfair Competition* § 32:48 (5th ed.), Westlaw (database updated Sept. 2024).  Accordingly, the Court denies Defendant's request to stay this action.

**II.**      **Plaintiff's Motion for Summary Judgment**

Summary judgment is proper if there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party.  *Weitz Co. v. Lloyd's of London*, 574 F.3d 885, 892 (8th Cir. 2009).  However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

8

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (alteration in original) (quoting Fed. R. Civ. P. 56(e)).

    A.    **Declaratory Judgment of Priority (Count 1)**

Plaintiff first moves for summary judgment on the issue of priority. Specifically, Plaintiff requests a declaratory judgment stating that Defendant cannot establish priority. "The party who first uses a mark in commerce is said to have priority over other users." *Hana Fin., Inc. v. Hana Bank*, 574 U.S. 418, 419 (2015); *see also Aveda Corp. v. Evita Mktg., Inc.*, 706 F. Supp. 1419, 1427 (D. Minn. 1989) ("[R]ights in trademarks are not gained through discovery or invention of the mark, but only through actual use."). Under the Lanham Act, "use in commerce" is defined as "the bona fide use of a mark in the ordinary course of trade, and not made merely to reserve a right in a mark." 15 U.S.C. § 1127. For services, it is further defined as "when [a mark] is used or displayed in the sale or advertising of services and the services are rendered in commerce." *Id.* Notably, use in commerce requires more than mere steps to establish a business. *Am. Ass'n for Just. v. Am. Trial Laws. Ass'n*, 698 F. Supp. 2d 1129, 1138 n.14 (D. Minn. 2010).

9

Plaintiff focused its initial argument in support of summary judgment on the insufficient evidence presented by Defendant in the TTAB Action. Defendant has provided additional evidence in this case, so the Court instead focuses on the evidence before it. Defendant argues that it can show a priority date of August 12, 2020, while Plaintiff can only show a priority date of March 16, 2021.[4] In support of its argument, Defendant provided many exhibits, including: (1) screenshots of Defendant's website on September 26, 2020, authenticated by its President and CEO, Elizabeth Flannery, who also indicated that the website looked the same on August 12, 2020; (2) pictures of Trellis-branded clothing that employees wore at companywide picnics on August 12, 2022 and August 12, 2023; (3) a declaration from an employee stating that she wears this clothing while performing on-site services at Trellis properties; (4) pictures of trucks with Defendant's Trellis logo that are used today; (5) template emails and flyers about the rebranding that on-site managers were directed to share with their residents on or around August 12, 2020; (6) an article from August 12, 2020, posted on Defendant's website announcing its rebranding; (7) business cards given to Defendant's employees bearing the Trellis name and Defendant's Trellis logo; (8) an employee badge bearing Defendant's Trellis logo; and (9) an employee handbook from August 2020 bearing Defendant's

---

[4]   The parties also dispute which date is Plaintiff's priority date: (1) the initial filing of Plaintiff's intent-to-use application on October 27, 2020; or (2) the later updated first use date of March 16, 2021. The Court does not address which date is the correct date in this Order.

10

Trellis logo. (Flannery Decl. ¶¶ 11-15, 21; Flannery Decl., Exs. 1-2, 5, 6-8, 10-11, 22, 23; Doc. No. 32 ¶¶ 5, 12.)

Plaintiff argues that this evidence is insufficient to show a priority date of August 12, 2020, because it demonstrates an intent to use the brand in commerce, not actual usage. It concludes that because Defendant has not presented any evidence to support its priority date, the Court should issue a declaratory judgment that Defendant cannot establish priority.

The Court agrees that several pieces of Defendant's evidence do not show usage of its Trellis mark in commerce, but they do create a genuine issue of material fact as to priority date. To start, much of the evidence Defendant submitted is undated or is dated significantly later than August 12, 2020. For example, Flannery says the trucks with Defendant's logo are used today and makes no claim that they were ever used in August 2020 or at any time prior to Plaintiff's claimed priority date. If these trucks were used by Defendant's employees at Defendant's properties to complete property management services in August 2020, that would be supportive of Defendant's claimed priority date. Other evidence presented by Defendant has no connection to its services, so it does not show actual use in commerce. For example, the Trellis-branded clothing itself does not show use in commerce because Defendant was not in the business of selling clothing. One employee explained that she wears the clothing while performing on-site services and that she received some of the clothing around August 12, 2020. But she never explains when she or other employees started to wear that clothing in connection with their services, only that there was an expectation. This same deficiency exists for

11

evidence like the business cards. Having branded business cards alone is not enough to show use in commerce. The Court requires more information about whether those cards were used, how they were used, and when they were used.

Next, the template emails and flyers show an intent to change the branding, but Defendant provided no corroborating information that any of those emails or flyers were ever sent to residents, only that there was an expectation. Property management would include sending information to residents, but without additional information on whether these notices were actually sent, the Court cannot and will not assume they were sent.

The website information presented by Defendant is important, but still not enough to conclusively establish a priority date. Plaintiff argues that the website information is not properly authenticated, and even if it were properly authenticated, it only shows mere plans to create a brand, not use of a mark in commerce. Defendant addressed prior deficiencies in the TTAB Action, and the Court finds the website screenshots have been properly authenticated in this case. However, the Court agrees that there is insufficient evidence at this time to conclude that the website shows use of the mark in commerce. Using a mark on a website in connection with establishing a business is not enough to show use in commerce. *See, e.g.*, *Am. Ass'n for Just.*, 698 F. Supp. 2d at 1138 n.14. Nevertheless, there are situations where a website constitutes part of a company's services, so the use of a mark on a company's website could be enough to show use in commerce. At present, Defendant has suggested that their website is part of their services, but it did not further support that argument.

Although Defendant has not presented enough evidence for the Court to conclude on priority date, it has presented enough evidence to demonstrate a genuine issue of material fact exists concerning priority. Plaintiff has not met its burden. Accordingly, the Court denies summary judgment on Count 1.

### B.     Declaratory Judgment of Non-Infringement (Count 2)

Plaintiff also asks the Court to grant summary judgment on its claim for a declaratory judgment of non-infringement. To prove common law trademark infringement, a party must show: "(1) it has a protectable mark; (2) it has priority of use of that mark[;] and (3) defendant's subsequent use of that mark is likely to cause confusion." *Northland Ins. Cos. v. Blaylock*, 115 F. Supp. 2d 1108, 1117 (D. Minn. 2000). Because the Court has concluded there is a genuine issue of material fact on priority, the Court denies summary judgment on Count 2 as well.

## CONCLUSION

The Court understands the parties' desire to resolve this matter, especially because they are nonprofit organizations and there is value in building a strong non-profit brand. Unfortunately, the facts here do not warrant summary judgment for either party. The Court hopes the parties will seriously consider how to resolve this matter swiftly, as it would be in both their best interests.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Trellis Co.'s motion to dismiss, or in the alternative, motion to stay (Doc. No. [12]) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a. Defendant's motion to dismiss under Rule 12(b)(6) is **GRANTED** to the extent that Plaintiff's claims rely on Minnesota state law.

    b. Defendant's motion is **DENIED** on all other grounds.

    c. Plaintiff's theories against Defendant under Minnesota state law are **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff Metropolitan Area Agency on Aging, Inc.'s motion for summary judgment (Doc. No. [19]) is **DENIED**.

Dated: December 18, 2024            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge